1

2                                                                                    "O"

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10   COLETTE S. POYDRAS,              )   Case No. SACV 04-1439 AN
                                      )
11            Plaintiff,              )   MEMORANDUM AND ORDER
                                      )
12        v.                          )
                                      )
13   JO ANNE B. BARNHART,             )
     COMMISSIONER OF THE SOCIAL       )
14   SECURITY ADMINISTRATION,         )
                                      )
15            Defendant.              )
                                      )
16   ─────────────────────────────────

17                        **I.  INTRODUCTION**

18        Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final

19   decision of the Commissioner of the Social Security Administration (the

20   "Commissioner") denying her claim for Disability Insurance Benefits ("DIB") pursuant

21   to Title II of the Social Security Act ("Act").  Both parties have consented to proceed

22   before the undersigned Magistrate Judge.  In accordance with the Court's Case

23   Management Order, the parties have filed a joint stipulation and request for an order

24   summarily deciding the issues concerning remand and/or immediate payment of benefits

25   ("JS").  For the reasons stated below, Plaintiff's request for an order remanding the case

26   for further proceedings pursuant to Sentence Four is granted, and the Commissioner's

27   request for an order affirming her final decision is denied.

28        The relevant background facts are familiar to both parties and Plaintiff has

1    stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and

2    accurately summarizes the hearing testimony and medical evidence in the record except

3    as noted in her contentions.

4        In the JS, Plaintiff contends that the ALJ erred by failing to properly assess her

5    mental impairment and ability to perform her past work.  The Commissioner disagrees.

6        Plaintiff has past relevant work as an accounting clerk, bank teller, loan clerk, and

7    general office clerk.  [Administrative Record ("AR") at 16, 50.]  At the administrative

8    hearing, the ALJ asked the vocational expert ("VE") to assume that Plaintiff is limited

9    to light work, with "moderate" limitations in three areas, as specified in a state agency

10   physician's mental residual functional capacity assessment.  [AR at 50, 201-03.]  The

11   mental residual functional capacity assessment indicates that Plaintiff was moderately

12   restricted in the ability to understand and remember detailed instructions, carry out

13   detailed instructions, and interact appropriately with the general public.  [AR at 201-02.]

14   The VE testified that with these restrictions, Plaintiff would be able to perform all of her

15   past jobs.  [AR at 50.] The ALJ relied on the VE's testimony in finding that she was

16   capable of returning to her past work.  [AR at 16-17.]

17       Plaintiff contends that the ALJ erred in finding that she was not disabled because

18   the General Educational Development ("GED") reasoning levels required by her past jobs

19   are inconsistent with Plaintiff's restrictions, as set forth in the state agency physician's

20   mental residual functional capacity assessment.  [AR at 201-03.]  In particular, Plaintiff

21   notes that, in addition to finding that she had "moderate" restrictions in the three areas

22   identified by the ALJ, the state agency physician also reported that Plaintiff was able to

23   understand, remember, and carry out a two-step command involving simple instructions.

24   [AR at 203.]  Plaintiff's past work, however, required reasoning levels of 3 and 4.  *See*

25   Dictionary of Occupational Titles ("DOT") 216.482-010 (requiring reasoning level 4 for

26   accounting clerk), 211.362-018 (requiring reasoning level 4 for bank teller), 210.382-050

27   (requiring reasoning level of 3 for loan clerk), 209.562-010 (general office clerk).  A job

28   with a GED reasoning level of 4 necessitates that a worker "[a]pply principles of rational

1  systems to solve practical problems and deal with a variety of concrete variables in
2  situations where only limited standardization exists" and "[i]nterpret a variety of
3  instructions furnished in written, oral, diagrammatic, or schedule form." DOT, Appendix
4  C, § III.   A job with a GED reasoning level of 3 requires that a worker "[a]pply
5  commonsense understanding to carry out instructions furnished in written, oral, or
6  diagrammatic form" and "[d]eal with problems involving several concrete variables in
7  or from standardized situations."   *Id.*   According to Plaintiff, a restriction to work
8  involving simple two-step instructions is incompatible with GED reasoning levels of 3
9  and 4.  [JS at 7-8.]  There appears to be some merit to Plaintiff's argument.  The DOT's
10  definitions suggest that a person limited to two-step commands involving only simple
11  instructions may not be able to perform work requiring GED reasoning levels 3 and 4 .
12  [AR at 203]; *see, e.g., Hall-Grover v. Barnhart*, 2004 WL 1529283 (D.Me. April 30,
13  2004)(concluding that the job of "security monitor," to which the DOT assigned a GED
14  reasoning level of 3, was inconsistent with a limitation to simple repetitive work); *Lucy*
15  *v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997)(rejecting contention that a claimant limited
16  to following only simple instructions could engage in the full range of sedentary work
17  because many unskilled jobs in that category require reasoning levels of 2 or higher).  In
18  the present case, however, it is unclear whether the ALJ accepted or rejected the state
19  agency physician's finding that Plaintiff was capable of following two-step commands
20  involving simple instructions.  [AR at 203.]  As there is no indication in the record that
21  the ALJ gave controlling weight to the opinion of a treating physician or psychologist,
22  the ALJ's failure to articulate a reason for rejecting the state agency physician's opinion
23  was error. 20 C.F.R. § 404.1527(f)(2)(ii)("[u]nless the treating source's opinion is given
24  controlling weight, the administrative law judge must explain in the decision the weight
25  given to the opinions of a State agency medical or psychological consultant"); *see*
26  *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)(an ALJ must explain why
27  significant, probative evidence was rejected.); *see also* Social Security Ruling ("SSR")
28  96-6p (explaining that the ALJ "must consider and evaluate any assessment of the

1   [claimant's] RFC by a state agency medical or psychological consultant"); SSR 96-8p

2   ("The RFC assessment must always consider and address medical source opinions.  If the

3   RFC assessment conflicts with an opinion from a medical source, the adjudicator must

4   explain why the opinion was not adopted."). Because the record is not sufficiently

5   developed to support a determination of disability without further proceedings, remand

6   is appropriate. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(where

7   there are outstanding issues that must be resolved before a determination of disability can

8   be made, and it is not clear from the record that the ALJ would be required to find the

9   claimant disabled if all the evidence were properly evaluated, remand is appropriate).

10                                          **III.  CONCLUSION**

11          For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's

12   claims for benefits is not free of legal error and supported by substantial evidence.

13   Accordingly, Plaintiff's request for an order remanding this case for further proceedings

14   pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's

15   request for an order affirming the Commissioner's final decision and dismissing the

16   action is DENIED.  The clerk shall enter judgment, close the file and terminate all

17   pending motions.

18

19   DATED:      May 9, 2006                    /s/ Arthur Nakazato

20                                              ARTHUR NAKAZATO
                                                UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28